UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TONY HARRISON,

                          Plaintiff,

  -against-

C.O. TRAILOR, et al.,

                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __9/13/2021__

No. 17-CV-6678 (NSR)

**ORDER**

NELSON S. ROMÁN, United States District Judge

      Plaintiff Tony Harrison ("Plaintiff"), an inmate in the New York State Department of Corrections and Community Supervision, ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983 against various employees of DOCCS (collectively, "Defendants"). On January 7, 2019, the Court granted Defendants' motion to dismiss the complaint (ECF No. 20), permitting Plaintiff to file an amended complaint, which he did on January 23, 2019 (ECF No. 31). A motion to dismiss the amended complaint was filed on April 6, 2021 (ECF No. 44), which Plaintiff opposed (ECF No. 46). That motion is still pending and will be decided in due course. In the meantime, Plaintiff sent the Court a letter requesting a status conference and appointment of pro bono counsel. (ECF No. 52.)

      Plaintiff's request is denied without prejudice to renew at a later date. Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. See *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308-09 (1989). Instead, pursuant to 28 U.S.C. § 1915 (e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel. See *Palacio v. City of*

1

*New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007). The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d. Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). At this early stage of the litigation, where a motion to dismiss the amended complaint is pending before the Court and no discovery has taken place, Plaintiff has failed to demonstrate that his position is "likely to be of substance," *Hodge*, 802 F.2d at 61. Therefore, the Court denies Plaintiff's motion, without prejudice to renew at a later date. The Court's opinion on the pending motion to dismiss the amended complaint will address whether, and if so, how, this case will proceed to discovery.

      The Clerk of Court is kindly directed to mail a copy of this order to pro se Plaintiff at the address on ECF and to show service on the docket.

Dated: September 13, 2021
       White Plains, NY

SO ORDERED:

*[signature]*

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE